◆ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA

v.

**ORDER OF DETENTION PENDING TRIAL**

_____William A Phillips_____

Case  CR08-31-JJF

*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
   X for which a maximum term of imprisonment of ten years or more is prescribed in _____18 USC § 2252A_____.
   ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    clear and convincing evidence    a preponderance of the evidence: Defendant was detained because there are no conditions or combination thereof that will reasonable assure his appearance as required and the safety of the community . Defendant is charged with child porn offenses for which the rebuttable presumption Defendant has not rebutted that presumption and the evidence against defendant is substantial in support of the offense, which supports the issue of danger to the community despite his lack of criminal history. All evidence that defense presented may have adequately addressed the issue of risk of flight or failure to appear; it did not adequately deal with the danger to the community. Defendant not only accessed the alleged child porn through P2P, he allowed others to access and download such materials on his computer by leaving his computer on. By doing this, he gained points to avoid waiting in queues to access others computers for such materials. On his computer, 50 gigabytes (out of approximately 80 gigs available) are devoted to pornography in the form of videos and pictures. Of that amount, 99% involves juveniles with 1% adult. This shows the audience he intended to interest in his information. Evidence showed that he previewed a number of the videos as they were download, as well as images that he shared with including the rape of a 3 year old child (penetration by an adult). the materials described are violent baby rape, involving graphic sexual acts. Peoples acceptance of his materials validates his behavior. His receipt, possession, review and transmittal of such materials encourages others that such behavior is acceptable and right. It also encourages the underground and continued rape and sexual abuse of minors. Under *Suppa*, which involves the analysis of danger under controlled substances defendant has not met his burden regarding danger. This court views defendant no different than a drug dealing pandering his poison on a street corner. The only difference is that defendant can sell his violent images surreptitiously

MAR 1 0 2008

U.S. DISTRICT COURT
DISTR CT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

on his computer from his home, a more serious and inherent offense.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 10, 2008 | _____ |
|---|---|
| Date | Signature of Judicial Officer |
|  | Mary Pat Thynge, Magistrate Judge |
|  | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).