## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-31-JJF |
| | : | |
| WILLIAM A. PHILLIPS, | : | |
| | : | |
| Defendant. | : | |

### PRE-TRIAL MOTIONS OF WILLIAM A. PHILLIPS

COMES NOW, the Defendant, William A. Phillips, by and through his counsel, John P. Deckers, Esquire, pursuant to Federal Rule of Criminal Procedure 12, and respectfully requests that this Court grant relief as set forth within the following motions. Defendant Phillips is prepared to file a letter memorandum or a brief in support of the subject motions, pursuant to the directives of the Court, and after an evidentiary hearing, if the Court convenes such a hearing. In support of his various motions, the Defendant more specifically asserts the following:

1. On September 18, 2007, New Castle County Police Officers Christopher M. Shanahan and Jason Wilson (hereinafter "Shanahan" and/or "Wilson") applied in the Justice of the Peace Court # 11 for a warrant to search defendant's residence located at 1059 River Road, New Castle, DE 19720. Specifically, Shanahan and Wilson sought authority to search for and to seize, among other items, "any or all hardware consisting of computer equipment . . . " Shanahan and Wilson expressly stated in their application that they were seeking evidence that Mr. Phillips possessed child pornography.

2. The search warrant was executed on September 19, 2007; as a result, various items of computer equipment were discovered, seized and, subsequently, analyzed for the presence of child pornography.

3. The Affidavit of Probable Cause in support of the search warrant cites the following averments: the qualifications of the affiants, various definitions of apparent relevance, three paragraphs describing the investigation, a number of additional paragraphs describing the efforts of the investigators to link Mr. Phillips to a particular "host IP address", and, finally, a number of paragraphs asserting the propensities of individuals who collect and store child pornography on their computers.

4. The warrant application asserts that the investigators attempted to search Mr. Phillips' computer for digital images that were "shared" with undisclosed others via a peer-to-peer ("P2P") network. The investigators allege that they identified a host IP address (which they linked to Mr, Phillips) containing a "number of computer files with names *suggestive of* child pornography." The investigators allege that, on July 31, 2007, the host IP address was observed online via the P2P network, and "a mixture of images and movies, many with titles *indicative of* child pornography" were observed. Finally, investigators from both the New Castle County Police Department and the Delaware State Police Department made numerous efforts to confirm that the apparently accessible files were, in fact, child pornography. None of those efforts were successful, however, and no police investigator actually observed child pornography on Mr. Phillips' computer.

## I.  MOTION TO SUPPRESS EVIDENCE

5. Mr. Phillips respectfully requests that this Court suppress from use as evidence at trial any and all evidence seized in connection with the search of his home and computer

equipment, as well as any and all statements made by him, including those statements made in response to custodial interrogation and processing, as well as any unsolicited comments made in response to the search of the home and computers, on the grounds that said evidence and statements were obtained in violation of the Defendant's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

6. Mr. Phillips submits that a suppression of all evidence is warranted because the September 18, 2007 search warrant lacked probable cause.

7. Mr. Phillips also seeks suppression of the fruits of the search. Thus, Mr. Phillips asserts that the initial seizure of evidence, a subsequent seizure of evidence on September 20th and various statements made by Mr. Phillips were all unlawfully obtained.

8. In making this motion, Mr. Phillips submits the following oft-quoted authority: one's home is sacrosanct, and unreasonable government intrusion into the home is "the chief evil against which the wording of the Fourth Amendment is directed." Payton v. New York, 445 U.S. 573, 585, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980) (quoting United States v. United States District Court, 407 U.S. 297, 313, 32 L. Ed. 2d 752, 92 S. Ct. 2125 (1972)). It is now well settled that a warrant to search a residence can be legally issued only after the government has presented sufficient grounds (i.e. probable cause) for the search. The issuing magistrate must determine that there is a "fair probability that . . . evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983) (quoting United States v. Jones, 362 U.S. 257, 271, 4 L. Ed. 2d 697, 80 S. Ct. 725 (1960)). Finally, In determining the legal sufficiency of a warrant, the Court is bound to consider only that information contained within the application and affidavit. This "four corners" analysis was reaffirmed in Whitley v. Warden, 401 U.S. 560 (1971). "An otherwise insufficient affidavit

3

cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate." Id. at 565.

## II.   MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(d)(2).

9.     In order to afford an opportunity to move to suppress evidence under Rule 12(b)(3), Mr. Phillips requests that the Government provide notice of its intention to use any evidence in its case in chief at trial which Mr. Phillips would be entitled to receive under Rule 16. On March 28, 2008, Mr. Phillips delivered a request for discovery pursuant to Rule 16; the government has responded to that request by providing two separate submissions, however, the Government's response appears to indicate that additional discoverable materials may be forthcoming. Mr. Phillips respectfully requests that a time deadline be set for the Government to provide to the defense all materials/evidence that the Government may use during its case in chief at trial. This information is hereby requested for the present purpose of determining whether any additional pre-trial motions must be filed.

## III.   MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 26.2

10.    In connection with the requested evidentiary hearing, Mr. Phillips further requests, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, that the Government disclose to defense counsel at least forty-eight hours prior to the hearing any statements, including grand jury testimony, of suppression hearing witnesses. This request is made in order to avoid delays in the conduct of the hearing.

5

WHEREFORE, for these reasons and any other reasons as shall appear to the Court after a hearing of this matter, Defendant Phillips respectfully requests that this motion be granted and that the designated evidence and statements shall be suppressed from use as evidence at trial.

/s/ *John P. Deckers*
JOHN P. DECKERS, ESQUIRE
DE Attorney I.D. No. 3085
800 N. King Street, Suite 302
Wilmington, DE 19801
(302) 656-9850

Attorney for Defendant Phillips

DATED:     April 28, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-31-JJF |
| WILLIAM A. PHILLIPS, | : |
| Defendant. | : |

## ORDER

AND NOW, TO WIT, this _____ day of _____, 2008, the foregoing **Motion to Suppress Evidence** having been heard and considered, it is hereby ORDERED:

_____

_____

_____

_____

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court