IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM A. PHILLIPS,                         :
                                             :
            Movant/Defendant,                :     Civ. Act. No.   11-897-LPS
                                             :     Cr. Act. No.    08-031-LPS
      v.                                     :
                                             :     Civ. Act. No.   11-898-LPS
UNITED STATES OF AMERICA,                    :     Cr. Act. No.    09-036-LPS
                                             :
            Respondent/Plaintiff.            :

## MEMORANDUM

## I.    BACKGROUND

On March 31, 2009, Movant pled guilty to Count Sixteen of a thirty-six count Superseding Indictment.  Count Sixteen charged him with production of child pornography in violation of 18 U.S.C. § 2251(a).  (D.I. 47)  Pursuant to the Plea Agreement, Movant also entered a guilty plea to a one-count Information charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), as charged in Criminal Action No. 09-36-LPS.  (D.I. 47 in Cr. A. No. 08-31; D.I. 3 in Cr. A. No. 09-36)  On February 10, 2009, the Honorable Joseph J. Farnan, Jr. sentenced Movant to 360 months imprisonment on Count Sixteen of the Superseding Indictment in Cr. A. No. 08-31, and to 120 months imprisonment on Count One of the Felony Information in Cr. A. No. 09-36, with the sentences to run concurrently with one another.  (D.I. 65)  The United States Court of Appeals for the Third Circuit affirmed Movant's convictions on October 7, 2010.  *See United States v. Phillips*, 396 F. App'x 831, 835 (3d Cir. 2010).

In 2011, Movant filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, alleging several ineffective assistance of counsel claim.  (D.I. 73)  The Court denied the § 2255 Motion as meritless on August 12, 2014.  (D.I. 82; D.I. 83)

On July 16, 2015, Movant filed a new § 2255 Motion ("Motion").  (D.I. 84)  Although not

entirely clear, that Motion appears to assert that Movant's convictions and sentences are unconstitutional because they violate *United States v. Booker*, 543 U.S. 220 (2005), and the *Ex Post Facto* Clause. (D.I. 84 at 4) Movant argues that "you can't give 2 points for distribution just because a peer to peer network was used," the use of the peer network "doesn't prove he knowing[ly] shared," and the "2 counts occurred at different times." (D.I. 84 at 4)

## II.    STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive motion under 28 U.S.C. § 2255 without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2255 (h); Rule 9, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. A § 2255 motion is "second or successive" if it challenges the same judgment as a prior 2255 motion. *See United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014) ("[W]e determine whether a petition is 'second or successive' by looking at the judgment challenged.").

## III.    DISCUSSION

The instant Motion constitutes a second or successive § 2255 motion for the gate-keeping purposes of 28 U.S.C. § 2255(h) because Movant's previous § 2255 motion was denied on the merits and the instant Motion attacks the same criminal judgment. The record does not contain any indication that Movant obtained an order from the Third Circuit Court of Appeals allowing this Court to consider the pending § 2255 motion. Therefore, the Court will dismiss the instant Motion for lack of jurisdiction. *See Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010). The Court will also decline to issue a certificate of appealability because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV.    CONCLUSION

For the above reasons, the Court concludes that Movant's § 2255 Motion constitutes an unauthorized second or successive § 2255 motion under 28 U.S.C. § 2255(h).  Accordingly, the Court will dismiss Movant's § 2255 Motion for lack of jurisdiction.  A separate Order will be entered.

February 14, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE